UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 08 CR 50004-2 |
| | ) | Judge Philip G. Reinhard |
| THOMAS JAEGER | ) | |

## UNITED STATES' POSITION ON WHETHER DEFENDANT'S SENTENCE SHOULD BE ENHANCED UNDER USSG § 3B1.1(c)

THE UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, responds to the court's order of September 3, 2008 as follows:

### STATEMENT OF FACTS

On April 7, 2006, Jeff Bartlett, Thomas Jaeger and others were arrested and charged with violating the Illinois Cannabis Control Act in the Circuit Court of Winnebago County, Illinois. Immediately following his arrest, Jaeger told investigators that he had information that linked Bartlett to the firebombing of a Rockford business in July 2000.

On August 9, 2006, Jaeger was interviewed by Special Agent Dan Ivancich of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). This interview was conducted in the presence of his state court-appointed attorney, Kathy McNeely-Johnson and without any promise of immunity or leniency by any law enforcement agency. In addition, defendant knowingly waived his rights under *Miranda v. Arizona* before he answered Agent Ivancich's questions. During this interview, defendant gave a detailed account of his and Jeff Bartlett's involvement in the July 2000 firebombing of a business located at 4606 East State Street, Rockford, Illinois. At the conclusion of the interview,

1

defendant provided Agent Ivancich with a five-page, signed statement that described how they committed this arson.  He also drew a sketch of the incendiary device that was used.

As a result of the information provided by the defendant, the ATF conducted an investigation into the July 2000 firebombing.  As part of this investigation, Agent Ivancich conducted a series of follow up interviews with defendant on February 23, 2007, August 1, 2007,  and May 21, 2008. Defendant also testified before the federal grand jury in this case on January 22, 2008.  All of defendant's interviews and grand jury testimony were completed without any promise of leniency or immunity.  In addition, the substance of all defendant's interviews and grand jury were internally consistent with each other and were corroborated by other evidence discovered by investigators.  The ATF investigation determined that the following events led to the firebombing in this case:

Defendant was introduced to Bartlett in 1992 by a mutual friend. In the late nineties, Bartlett hired defendant to grow marijuana for him at houses he rented or purchased in Wisconsin and Illinois.  During the winter of 1999, Bartlett told defendant that he and his brother had an ongoing feud and that he wanted defendant to burn down Bartlett's brother's Rockford business. Bartlett emphasized that he wanted that business's computers to be destroyed.  He initially offered defendant $1000 to set the fire but eventually increased the offer to $4000.  Defendant initially declined Bartlett's offer.  However,  Bartlett continued to insist and defendant eventually agreed to set fire to the business.  Bartlett told defendant that he had previously paid a third party $500 to set this fire. However, that person took the money without setting the fire. In the summer of 2000, Bartlett drove defendant to Rockford and showed him how where the targeted business was located.  He also showed defendant the quickest escape route out of Rockford. Bartlett instructed defendant to conduct the firebombing during a specific four-day period in July 2000 so that Bartlett could arrange to have

a successful alibi.  During this time period, defendant has serious knee problems that prevented him from actually setting the fire.  To solve this problem,  he hired a man named Joe Plezbert[1] to set the fire.  During the weekend specified by Bartlett in July,2000,  Plezbert constructed an incendiary device that consisted of seven 2 liter pop bottles filled with gasoline.  Once the bottles were filled with gasoline, they were placed inside a duffel bag and a fuse was inserted through the bag and into one of the bottles.  On the day of the fire, defendant picked up Plezbert at his home in McHenry County and drove him to Rockford.  Defendant parked his car approximately two blocks away from the target business and waited while Plezbert went to business with the incendiary device.  After one-half hour passed, Plezbert ran back to the car.  He told defendant that he broke out a first floor window at the rear of the business, threw the bomb inside and ignited it.  Defendant drove off and returned to McHenry County.  As they left town, they saw Rockford Fire trucks responding to the fire  with their emergency lights activated.  A few days after the fire, Jeff Bartlett arrived at defendant's residence unannounced.  He was very satisfied with their work and paid defendant $3000 in cash.  Defendant kept $1000 for himself and later paid Plezbert $2000 for his role in setting the fire.

## ANALYSIS

The government respectfully requests that the court not enhance defendant's sentence under USSG § 3B1.1(c).

USSG § 3B1.1(c) states: "If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.  Adjustments under § 3B1.1 should reflect a defendant's relative role in the offense, and "a defendant who had no greater

---

[1]  Plezbert died in 2001.

3

role than any other participant cannot receive a § 3B1.1 increase." *United States v. Schuh*, 289 F.3d 968, 972 (7th Cir. 2002) *citing*, *United States v. Mustread*, 42 F.3d 1097, 1103 (7th Cir. 1994). To determine whether defendant's role in the offense, the sentencing judge must consider the following factors: (1) exercise of decision making authority, (2) the nature of participation in the commission of the offense, (3) the recruitment of accomplices, (4) the claimed right to a larger share of the fruits of the crime, (5) the degree of participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, (7) and the degree of control and authority exercised over others. USSG § 3B1.1, Application Note 4; *United States v. Noble*, 246 F.3d 946, 953 (7th Cir. 2001).

The evidence in this case shows that defendant's role in committing this offense was no greater than Jeff Bartlett or Joe Plezbert's roles.

*Jeff Bartlett's Role in the Offense*

Jeff Bartlett was the sole organizer, leader and manager in the commission of this offense. Bartlett came up with the idea of committing the firebombing and had the primary motive to eliminate his brother's competing payday loan business. Bartlett recruited the defendant to participate in this firebombing, selected the target, chose the time period in which the firebombing was to occur, drove defendant by the targeted business, showed defendant the quickest way to escape from town and stood the most to gain from the destruction of the targeted business. Bartlett also told defendant that the fire should destroy the business's computers. Bartlett is also the person who determined the amount of money that was to be paid to the person who committed the firebombing.

*Joe Plezbert's Role in the Offense*

4

Joe Plezbert was the person who constructed the incendiary device that was used to commit the arson. Plezbert also physically inserted and ignited that device in the targeted business. Because of his role in the offense, Plezbert also received the largest portion of the cash payment made by Bartlett.

*Defendant's Role in the Offense*

Defendant's role in committing this arson was less than Jeff Bartlett's role and no greater than Joe Plezbert's role. The only decision making authority exercised by defendant was to recruit Plezbert to commit the firebombing. The nature of defendant's participation in this arson merely consisted of driving Plezbert to and from Rockford to commit the firebombing. Defendant's relative role in committing this offense is reflected in his receipt of a smaller share of the fee paid by Bartlett. Defendant retained $1,000 and paid $2,000 to Plezbert. Last, the criminal activity in this case was limited to a one-time event in which defendant exercised limited authority over Joe Plezbert.

## CONCLUSION

For the reasons stated above, the United States respectfully requests that this court decline to enhance defendant's sentence under USSG § 3B1.1(c).

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

BY: _____\S_____

MARK T. KARNER
Assistant United States Attorney
308 West State Street - Suite 300
Rockford, Illinois 61101
(815) 987-4444

5

## CERTIFICATE OF FILING AND SERVICE

I, MARK T. KARNER, certify that on September 8, 2008, I caused the foregoing pleading: (1) to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Western Division; and (2) a copy thereof to be mailed to: David Brown, Esq., 216 North Court Street, Rockford, Illinois 61103.

\S
MARK T. KARNER
Assistant United States Attorney
308 West State Street - Room 300
Rockford, Illinois 61101
815-987-4444